IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-75-PLR-DCP |
| | ) | |
| SHAWN BARAHAN FITTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Joint Motion to Continue Deadlines and Trial Date [Doc. 97], filed by Defendants Brandon Claron Thomas and Christopher Michael Wyrick on October 3, 2019, and the Motion to Continue Trial and to Extend Deadlines [Doc. 132], filed by Defendant Kelvin Bush on October 9, 2019. Defendants Shawn Barahan Fitts [Doc. 133], Curtis Morrow [Doc. 134], Rockele Bryant [Doc. 139], and Jason Stansberry [Doc. 142] have moved to join in the motion [Doc. 97] by Defendants Thomas and Wyrick. Defendants Alonzo Butler [Doc. 138], Johnny Tackett [Doc. 140], and Richard Jentzsch [Doc. 141] have moved to join in the motion [Doc. 132] by Defendant Bush.

The parties appeared before the undersigned for an arraignment and motion hearing on October 25, 2019. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. The following defense counsel appeared on behalf of the Defendants: Attorney Devin DeVore for Defendant Fitts; Attorney Michael P. McGovern for Defendant Thomas,

Attorney Scott A. Lanzon for Defendant Stansberry;[1] Attorney M. Jeffrey Whitt for Defendant Wyrick; Attorney James Carter, Jr., for Defendant Bryant; Attorney Michael B. Menefee for Defendant Bush; Attorney Russell T. Greene for Defendant Butler; Attorney Kelly Tanner for Defendant Billy Davis; Attorney Rachel L. Wolf for Defendant Jentzsch; Attorney Ruth Thompson Ellis for Defendant Morrow; and Attorney Stephen G. McGrath for Defendant Tackett. Defendants Thomas, Stansberry, Wyrick, Bush, and Butler were also present.[2]

In their motion, Defendants Thomas and Wyrick ask the Court to continue the January 28, 2020 trial date and all other related deadlines in this case. They state that this case is complex and that counsel need additional time to review the voluminous discovery and prepare for trial. The motion relates that the Defendants are waiving their speedy trial rights in relation to the motion and that the Government does not oppose a continuance. Defendant Bush asks for a continuance of the trial and schedule because he entered the case on October 7 and counsel has yet to receive the discovery. Defendant Bush contends that defense counsel needs time to review the discovery, identify and file pretrial motions, and investigate the facts of the case.

At the motion hearing, Mr. McGovern stated that he was newly substituted as counsel for Defendant Thomas. Mr. Whitt stated that a trial continuance is necessary for several reasons. First, he noted his involvement in another criminal trial in this Court. Mr. Whitt stated that the changes to the charges in the Superseding Indictment serve as an additional reason for a

---

[1] Defendant Stansberry confirmed that he had retained Attorneys Tommy Hindman and Scott Lanzon to represent him in this case. Accordingly, Defendant Stansberry's Motion for Substitution of Counsel [**Doc. 146**] is **GRANTED**. Attorneys Tommy K. Hindman and Scott Lanzon are **SUBSTITUTED** as counsel of record for Defendant Stansberry. Attorney Kimberly Parton is **RELIEVED** of her representation of Defendant Stansberry and **DIRECTED** to provide the discovery and information from the Defendant's file to Mr. Hindman.

[2] Prior to the hearing, counsel for Defendants Fitts and Bryant informed the Court that they intended to file waivers of arraignment for their clients.

continuance. Mr. Whitt agreed that the discovery is voluminous and that he needed additional time to review the discovery. The Court noted that all of the codefendants, except for Defendant Davis, have joined in the requests for a continuance. Mr. Tanner stated that Defendant Davis has no objection to a continuance of the trial and schedule in this case.

AUSA Davidson stated that the Government does not oppose a continuance in this case. She stated that the Superseding Indictment adds nine Defendants, some of whom have yet to appear in this case. AUSA Davidson also noted that the Superseding Indictment adds a count for Defendant Fitts and that the forfeiture allegations are significantly altered. She agreed that the discovery in this case is voluminous. AUSA Davidson asserted that the motions for a continuance are well taken. The parties agreed to a new trial date of May 19, 2020.

The Court finds the motions to continue are joined by the Defendants, unopposed by the Government and Defendant Davis, and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 95] charges that fifteen named Defendants conspired with each other and others to distribute and possess with intent to distribute five (5) kilograms or more of cocaine over a ten-month period (Count One). It also charges Defendant Fitts with possession of a firearm in furtherance of drug trafficking (Count Two) and Defendants Fitts, Thomas, Stansberry, Wyrick, and Jentzsch with a money laundering conspiracy (Count Three). The Court observes that the discovery in this case is voluminous. Additionally, Defendant Thomas recently retained new counsel [Doc. 144] and Defendants Bush, Butler, Davis, Jentzsch, Morrow, and Tackett all entered the case within the last three weeks. Finally, the Court observes that four Defendants have yet to appear. The Court finds that defense counsel require additional time to review discovery, to investigate the facts of the cases, to file and

litigate pretrial motions, and to prepare the case for trial. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' joint[3] motions to continue the trial [**Docs. 97 & 132**] are **GRANTED**, and the trial of this matter is reset to **May 19, 2020**. The Court also finds that all the time between the filing of the initial motion to continue on October 3, 2019 and the new trial date of May 19, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is reset to **December 6, 2019.** Responses to motions are due on or before **December 20, 2019**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **January 22, 2020, at 2:00 p.m.** The deadline for conducting plea negotiations and providing reciprocal discovery is **April 21, 2020**. All motions *in limine* must be filed no later than **May 4, 2020**. Special requests for jury instructions are due on **May 8, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Stansberry's Motion for Substitution of Counsel [**Doc. 146**] is **GRANTED**. Attorneys Tommy K. Hindman and Scott A. Lanzon are **SUBSTITUTED** as counsel of record for Defendant Stansberry. Attorney Kimberly Parton is **RELIEVED** of her representation of Defendant Stansberry and **DIRECTED** to provide the discovery and information from the Defendant's file to Mr. Hindman;

(2) Defendants Fitts and Bryant are **DIRECTED** to file their waivers of arraignment on or before **November 1, 2019**;

(3) The motions to continue the trial [**Docs. 97 & 132**] and the motions to join in the motions to continue [**Docs. 133, 134, 138, 139, 140, 141, & 142**] are **GRANTED**;

---

[3] The motions to join in the motions to continue [**Docs. 133, 134, 138, 139, 140, 141, & 142**] are also **GRANTED**.

(4) The trial of this matter is reset to commence on **May 19, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(5) All time between the filing of the initial motion to continue on **October 3, 2019**, and the new trial date of **May 19, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The deadline for filing pretrial motions is reset to **December 6, 2019**;

(7) Responses are due on or before **December 20, 2019**;

(8) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **January 22, 2020 at 2:00 p.m.**;

(9) The deadline for concluding plea negotiations and providing reciprocal discovery is **April 21, 2020**;

(10) Motions *in limine* must be filed no later than **May 4, 2020**; and

(11) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **May 8, 2020**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge